1
2
3
4
5
6

**IN THE UNITED STATES DISTRICT COURT**

7

**FOR THE DISTRICT OF ARIZONA**

8
9

John Laake,

No.  CV-19-5444-PHX-DMF

10

Plaintiff,

11

v.

**ORDER**

12

Dirty World LLC, et al.,

13

Defendants.

14
15
16

On October 18, 2019, Plaintiff John Laake filed a *pro se* complaint (the

17

"Complaint") (Doc. 1).  Plaintiff also filed an Application to Proceed in District Court

18

Without Prepaying Fees or Costs (Doc. 2), which is a request for leave to proceed in this

19

matter *in forma pauperis*.  Plaintiff has consented to a United States Magistrate Judge (Doc.

20

10).  As discussed below, the Court will grant Plaintiff's Application to Proceed in District

21

Court Without Prepaying Fees or Costs (Doc. 2).  Also as discussed below, the Court has

22

screened the Complaint and will allow the Complaint to proceed to service.  The Court

23

leaves open further addressing the legal issues raised by the Complaint at the motion to

24

dismiss stage after service is accomplished and/or at the motion for summary judgment

25

stage.

26

**I.    Application to Proceed in District Court Without Prepaying Fees or Costs**

27

The district court may permit indigent litigants to proceed in forma pauperis upon

28

completion of a proper affidavit of indigence.  *See* 28 U.S.C. § 1915(a).  In the application

to proceed without prepaying fees or costs, Plaintiff declares under penalty of perjury that Plaintiff is unable to pay the filing fee and other costs associated with this case.  Plaintiff presents financial information to support the application.   Given information in the Application that Plaintiff has nominal income and no significant assets, the Application (Doc. 2) is granted.

## II.    Screening/Review Pursuant to § 1915

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed *in forma pauperis*, courts must engage in screening and dismiss any claims which:  (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996).  *See also Lopez v. Smith*, 203 F.3d 1122, 1126 fn. 7 (9th Cir. 2000) (28 U.S.C. § 1915(e) "applies to all in forma pauperis complaints," not merely those filed by prisoners).

Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint that lacks such statement fails to state a claim and must be dismissed.  In determining whether a plaintiff fails to state a claim, the court assumes that all factual allegations in the complaint are true.  *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions [and] mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The pertinent question is whether the factual allegations, assumed to be true, "state a claim to relief that is plausible on its face."  *Id.* (*citing Twombly*, 550 U.S. at 570).

Where the complaint has been filed by a *pro se* plaintiff, as is the case here, courts must "construe the pleadings liberally ... to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  To survive dismissal, a complaint must give each defendant "fair notice of what the claim is and the grounds

upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citation omitted).

Plaintiff's Complaint regards the posting on a website of a photograph of Plaintiff along with text that asserts, among other things, that Plaintiff is a "rapist, Nazi, Human Trafficker, Satanist Mason That Uses Death Threats To Silence Victims" (Doc. 1 at 15-16). The Complaint is intelligible and well organized for a pro se Complaint despite some portions which are not appropriately included in the Complaint (see, e.g., Complaint paragraph 40).

The Complaint is titled "Complaint for Libel" and does set forth legal and factual allegations that are clearly intended to support a libel claim. The Complaint also asserts that the defendants violated copyright law, 17 U.S.C § 504. In paragraph 11 of the Complaint, Plaintiff makes factual allegations in support of such a claim. Thus, Plaintiff asserts a copyright claim against the defendants and a libel claim against the defendants. The Court notes that Plaintiff's citation of 28 U.S.C. §4101(1) in paragraph 1 of the Complaint (regarding libel) is misplaced. 28 U.S.C. §4101 regards foreign judgments obtained for defamation, and that is not the basis of Plaintiff's filing in this action. Despite Plaintiff's inaccurate reference to 28 U.S.C. §4101, this Court has exclusive jurisdiction over the copyright claim under 28 U.S.C. §1338, and apparent supplemental jurisdiction over the state law claim for libel under 28 U.S.C. §1367. At this early stage, it also appears that there is basis for federal diversity jurisdiction pursuant to 28 U.S.C. §1332 for the libel claim so long as the John Doe defendant (Complaint paragraph 6) is not later determined to be a citizen of the same state as Plaintiff.

To state a claim of direct copyright infringement, a claimant must allege ownership of the allegedly infringed material and that the alleged infringers violated at least one exclusive right granted to copyright holders in 17 U.S.C § 106. *See A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001). Those exclusive rights include the right to display and distribute a work as well as the right to create a derivative work. 17 U.S.C. § 106. If a claimant can show direct infringement, an alleged infringer may nevertheless

avoid liability if the elements of the fair use defense are shown. *See Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1159 (9th Cir. 2007). Here Plaintiff asserts he is the owner of the photograph and Plaintiff alleges that Defendants violated his copyright by stealing the image and displaying and distributing such on Defendant Dirty's website (Complaint at paragraph 11). Insofar as an Arizona state law libel claim, the Complaint sets forth the general applicable law and facts supporting a claim under such law (Complaint at various paragraphs, including 4-10, 29, 34, 39 and the Complaint exhibits).

There are two defendants. The first defendant is named, Dirty World LLC doing business as Thedirty.com ("The Dirty"), and the second defendant's name is presently unknown to Plaintiff so is named as "John Doe". According to the Complaint, The Dirty is a user-submitted gossip website on the worldwide web which began in 2007 at the website: www.thedirty.com" (Complaint paragraph 4). In addition, the Complaint alleges that "The Dirty specifically encourages users to upload their own 'dirt' which may include news, gossip, accusations, photos, videos, or text, and users can comment on posts submitted by others" (*Id.*) The Complaint describes John Doe "is an unknown individual who posted anonymously upon the host website: www.thedirty.com under the pseudonym of 'psychic vampire slayer' wherein that person defamed and libeled Plaintiff John Laake, too" (Complaint at paragraph 6).

The Court finds that the Complaint is sufficient such that allowing the case to go forward with service and adversarial testing of Plaintiff's claims is in the interests of justice. The Court reserves for decision for further proceedings after service whether the Complaint can proceed beyond the pleading/motion to dismiss stage. The Court's concerns about whether the Complaint has stated claims include whether Plaintiff's libel claim may proceed in light of the Communications Decency Act ("CDA"), 47 U.S.C. § 230 and whether Plaintiff's copyright infringement claim may proceed in light of the Digital Millennium Copyright Act ("DMCA"), specifically 17 U.S.C § 512.

Thus, the Court will order that Defendant The Dirty be served as set forth below. At this time, with John Doe not identified, the Court cannot order service of such defendant.

Instead, the Court will order Plaintiff to make efforts to discovery the identity of John Doe such that Plaintiff may timely substitute a known person for John Doe and timely accomplish service of such person.

Accordingly,

**IT IS ORDERED** granting Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2).

**IT IS FURTHER ORDERED that** Service by waiver of the summons and complaint shall be at government expense on the Defendants by the United States Marshal or his authorized representative.  The Court directs the following:

(1)    The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for each Defendant in this matter.

(2)    Plaintiff must complete and return the service packet for The Dirty to the Clerk of Court within 21 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(3)    If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on The Dirty within 90 days of the date of this Order, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m).

(4)    The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(5)    The United States Marshal must notify Defendant The Dirty of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendant The Dirty must include a copy of this Order.  The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons.  If a waiver of service of summons is not returned by Defendant The Dirty within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a)     personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure; and

(b)     within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(6)     **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

**IT IS FURTHER ORDERED that** Plaintiff shall have 60 days from the date of this Order to move to substitute an identified person in place of John Doe, and if an extension of time for such is sought, Plaintiff must do so in writing specifically setting forth the efforts made by Plaintiff to determine John Doe's identity and Plaintiff's additional plan to do so, including any litigation activities, to determine John Doe's identity.

Dated this 25th day of November, 2019.

_____
Honorable Deborah M. Fine
United States Magistrate Judge