# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Laake, | No. CV-19-5444-PHX-DMF |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Dirty World LLC, et al., | |
| Defendants. | |

**TO THE HONORABLE STEPHEN M. MCNAMEE, SENIOR UNITED STATES DISTRICT JUDGE:**

This matter is before the Court on Plaintiff's motion to amend his complaint and to file the proposed First Amended Complaint (Doc.17).

After the filing of the original Complaint (Doc. 1), Plaintiff consented to proceeding before a United States Magistrate Judge (Doc. 10). Undersigned thereafter granted Plaintiff's Application for Leave to Proceed In Forma Pauperis (Doc. 2), screened the Complaint (Doc. 1), and allowed the Complaint to proceed (Doc. 12). The service packet for the named defendant in the Complaint, Dirty World LLC, has since been forwarded to the United States Marshal's service for service.

Plaintiff has filed a motion to amend and attached to the motion his proposed First Amended Complaint, which complies with LRCiv 15.1 (Doc. 17). Without consents to proceed before a United States Magistrate Judge by all the parties, including unserved defendants, undersigned lacks authority to screen the First Amended Complaint with the

issuance of an Order that dismisses a party or a claim.  *See Williams v. King*, 875 F.3d 500 (9th Cir. 2017).  Thus, undersigned will instead proceed by Report and Recommendation regarding the proposed First Amended Complaint (Doc. 17).

**I.      Screening/Review Pursuant to § 1915**

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed in forma pauperis, courts must engage in screening and dismiss any claims which:  (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996).  *See also Lopez v. Smith*, 203 F.3d 1122, 1126 fn. 7 (9th Cir. 2000) (28 U.S.C. § 1915(e) "applies to all in forma pauperis complaints," not merely those filed by prisoners).  Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint that lacks such statement fails to state a claim and must be dismissed.

In determining whether a plaintiff fails to state a claim, the court assumes that all factual allegations in the complaint are true.  *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions [and] mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The pertinent question is whether the factual allegations, assumed to be true, "state a claim to relief that is plausible on its face." *Id.* (*citing Twombly*, 550 U.S. at 570).

Where a complaint contains the factual elements of a cause, but those elements are scattered throughout the complaint without any meaningful organization, the complaint does not set forth a "short and plain statement of the claim" for purposes of Rule 8, Federal Rules of Civil Procedure.  *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).  Further, a complaint may be dismissed where it lacks a cognizable legal theory, lacks sufficient facts alleged under a cognizable legal theory, or contains allegations disclosing some absolute defense or bar to recovery.  *See Balistreri v. Pacifica Police*

*Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *Weisbuch v. County of L.A.*, 119 F.3d 778, 783, fn. 1 (9th Cir. 1997).

To survive dismissal, a complaint must give each defendant "fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citation omitted). In the absence of fair notice, a defendant "should not be required to expend legal resources to guess which claims are asserted against her or to defend all claims 'just in case.'" *Gregory v. Ariz. Div. of Child Support Enforcement*, No. CV11-0372-PHX-DGC, 2011 WL 3203097, at *1 (D.Ariz. July 27, 2011).

Where the complaint has been filed by a pro se plaintiff, as is the case here, courts must "construe the pleadings liberally ... to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Under the pleading standard set by the Supreme Court's decision in Iqbal, however, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Further, "[a] district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (*quoting Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam)).

When the court dismisses the complaint of a pro se litigant with leave to amend, the "court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Id.* (*quoting Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). "Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988) (*quoting Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)). The court should not, however, advise the litigant how to cure the defects; this type of advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231, 124 S.Ct. 2441, 159 L.Ed.2d 338 (2004).

**II.     Screening the Proposed First Amended Complaint**

    **A.     Screening of the Original Complaint**

The original Complaint (Doc. 1), which was already screened by the Court (Doc. 12), alleges claims against two defendants: The first defendant is named Dirty World LLC doing business as Thedirty.com ("The Dirty"), and the second defendant's name is presently unknown to Plaintiff so is named as "John Doe". According to the Complaint, The Dirty is a user-submitted gossip website on the worldwide web which began in 2007 at the website: www.thedirty.com" (Doc. 1 paragraph 4). In addition, the Complaint alleges that "The Dirty specifically encourages users to upload their own 'dirt' which may include news, gossip, accusations, photos, videos, or text, and users can comment on posts submitted by others" (*Id.*). The Complaint describes John Doe as "an unknown individual who posted anonymously upon the host website: www.thedirty.com under the pseudonym of 'psychic vampire slayer' wherein that person defamed and libeled Plaintiff John Laake, too" (Doc. 1 paragraph 6). The Complaint alleges two claims, libel and copyright infringement (Doc. 1; *see* Doc. 12 at 3-4).

While the Court found the Complaint sufficient to allow the case to go forward with service and adversarial testing of Plaintiff's claims, the Court reserved for later decision whether the Complaint can proceed beyond the pleading/motion to dismiss stage. *See* Doc. 12 at 3-4. The Court expressed concerns about "whether Plaintiff's libel claim may proceed in light of the Communications Decency Act ("CDA"), 47 U.S.C. § 230 and whether Plaintiff's copyright infringement claim may proceed in light of the Digital Millennium Copyright Act ("DMCA"), specifically 17 U.S.C § 512." *See* Doc. 12 at 4.

    **B.     The First Amended Complaint**

In the proposed First Amended Complaint, Plaintiff seeks to make some drafting changes that do not affect the Court's analysis regarding claims against The Dirty and John Doe. The Court recommends allowing such changes.[1] In the proposed First Amended

---

[1] *See, e.g.*, First Amended Complaint paragraph 3, which proposes to add: "The libel against him was first posted on thedirty.com on December 31, 2018" (Doc. 17-1 at 3).

- 4 -

Complaint, Plaintiff also seeks to add GoDaddy Inc. as a new defendant for the libel claim (First Amended Complaint paragraphs 23 and 48; Doc. 17-1 at 7, 13). As described by Plaintiff in his motion to amend, "Plaintiff asserts that Godaddy Inc. either knew or should have known that Dirty World is running a website that libels people, namely, the Plaintiff herein" (Doc. 17 at 1-2). As set forth in the proposed First Amended Complaint, Plaintiff seeks libel damages against GoDaddy Inc., asserting that GoDaddy Inc.'s "conduct in facilitating and providing a platform on an ongoing basis for the libelous website, the dirty.com contributed in creating an atmosphere of harm for Plaintiff" and that GoDaddy Inc. "ought to be found liable for contributory negligence, in that by continuing to host a website, thedirty.com, that [GoDaddy Inc.] knew or should have known libels individuals – primarily the Plaintiff" (Doc. 17-1 at 7, 13).

Here, Plaintiff fails to state a claim against GoDaddy Inc. upon which relief may be granted because GoDaddy Inc. is immunized from the libel claim in the proposed First Amended Complaint pursuant to the Communications Decency Act ("CDA"), 47 U.S.C. § 230. As the Ninth Circuit stated:

> Section 230 of the CDA immunizes providers of interactive computer services against liability arising from content created by third parties: "No provider ... of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c). This grant of immunity applies only if the interactive computer service provider is not also an "information content provider," which is defined as someone who is "responsible, in whole or in part, for the creation or development of" the offending content. *Id.* § 230(f)(3).

*Fair Hous. Council of San Fernando Valley v. Roommates.Com*, LLC, 521 F.3d 1157, 1162 (9th Cir. 2008) (footnotes omitted). Thus, undersigned recommends that Plaintiff's proposed amendments in the First Amended Complaint adding GoDaddy Inc. as a defendant not be allowed to proceed and be dismissed.

Accordingly,

**IT IS HEREBY RECOMMENDED that** Plaintiff be permitted to file the proposed First Amended Complaint with the drafting changes indicated by Plaintiff in the proposed First Amended Complaint that do not relate to GoDaddy Inc. as set forth in the proposed First Amended Complaint attached to Plaintiff's motion to amend (Doc. 17).

**IT IS FURTHER RECOMMENDED that** Plaintiff **not** be permitted to add GoDaddy Inc. as a defendant as set forth the proposed First Amended Complaint attached to Plaintiff's motion to amend (Doc. 17).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties shall have fourteen days within which to file responses to any objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 8th day of January, 2020.

_____
Honorable Deborah M. Fine
United States Magistrate Judge

cc: SMM