JOHN LAAKE
Pro Se Plaintiff
469 Grand Ave.
Aurora, IL 60506
Telephone: (708) 352-0424



IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| JOHN LAAKE,<br><br>Plaintiff,<br><br>v.<br><br>DIRTY WORLD, LLC, and<br>JOHN DOE,<br><br>Defendants. | No. 2:19-cv-05444-PHX-DMF<br>(Assigned to the Honorable<br>Deborah M. Fine)<br><br>**MOTION TO COMPEL** |

NOW COMES the Plaintiff, JOHN LAAKE, Pro Se, and pursuant to Federal Rule of Civil Procedure Rule 37.1(b), asserts that Godaddy failed to make pertinent disclosures or to cooperate in discovery, as is required under Rule 34(b) 2(E)(i) in response to the Subpoena Duces Tecum issued upon them on January 6, 2020. (*See* **Exhibit A**). Among other things, they did not provide **current** information regarding who the current owner of the website: www.thedirty.com is and otherwise failed to provide the additional information requested. (*See* **Exhibit B.**)

WHEREFORE, the Plaintiff respectfully petitions this court for an Order to Compel Godaddy to fully comply with the Subpoena Duces Tecum as issued upon them.

Dated: March 9, 2020

*[signature: John Laake]*
John Laake, Pro Se Plaintiff
469 Grand Ave.
Aurora, IL 60506
Ph: (708) 352-0424
Email: wolfloki@yahoo.com

# Exhibit A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| John Laake | ) |
| --- | --- |
| *Plaintiff* | ) |
| v. | ) Civil Action No. CV-19-05444-PHX-DMF |
| Dirty World LLC, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Administrator, Godaddy, 14455 N Hayden Rd, Suite 100, Scottsdale, AZ 85260

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: The names, computer IP addresses and physical addresses of the person who posted the webpage which is on thedirty.com upon the Godaddy server: https://thedirty.com/city/chicago/john-winter-laake/#post-2287760 and the person who commented upon it, under the pseudonyms: The Dirty Army; and Psychic Vampire Slayer, respectively. Also, for the names, computer IP addresses and physical addresses of the owner(s) of the following email addresses: dmca@thedirty.com and legal@thedirty.com.

| Place: John Laake, Pro Se Plaintiff, 469 Grand Ave., Aurora, IL 60506 | Date and Time: Monday, January 13, 2020 at 3 pm. |
| --- | --- |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
| --- | --- |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: December 23, 2019

CLERK OF COURT

ISSUED ON 12:30 pm, Dec 20, 2019
s/ Brian D. Karth, Clerk

OR

_____
Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* John Laake, who issues or requests this subpoena, are:

John Laake, Pro Se Plaintiff, 469 Grand Ave., Aurora, IL 60506, email: wolfloki@yahoo.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. CV-19-05444-PHX-DMF

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

   

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit B**



February 25, 2020

**Jeffrey M. Monhait**
Direct Phone   215-665-2084
Direct Fax      215-989-4183
jmonhait@cozen.com

<u>VIA EMAIL (wolfloki@yahoo.com) AND USPS FIRST CLASS MAIL</u>

Mr. John Laake
469 Grand Avenue
Aurora, IL 60506
*Pro Se Plaintiff*

    Re:    *John Laake v. Dirty World LLC, et al.*; Case No.: 2:19-cv-05444-DMF

Dear Mr. Laake:

    Our office has been retained to represent Non-Party GoDaddy.com, LLC ("GoDaddy") in relation to Plaintiff John Laake's ("Plaintiff") Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action in the above-referenced matter (the "Subpoena"). Please direct all future communications regarding this matter to myself and my co-counsel, Paula Zecchini, who is copied on this correspondence.

    Pursuant to Rule 45 of Federal Rules of Civil Procedure, please find below GoDaddy's responses and objections to the document requests set forth in the Subpoena.

    Please note that the documents produced in response to the Subpoena contain confidential, proprietary, trade secret, and/or private information that warrants special protection from public disclosure and from use for any purpose other than prosecuting or defending the above-referenced action. It is imperative that any documents designated "CONFIDENTIAL" receive confidential treatment. Confidential treatment includes: (1) limiting access to these documents to the parties in this litigation, their agents, and the court and its personnel; (2) taking the procedural steps necessary to file under seal any portion of any submission to the court that refers to or incorporates these documents; and (3) destroying all CONFIDENTIAL documents included in this production, including copies thereof, within 60 days after the final disposition of the action in which the Subpoena is served.

**RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION**

    1.    The names, computer IP addresses and physical addresses of the person who posted the webpage which is on thedirty.com upon the Godaddy server: https://thedirty.com/city/chicago/john-winter-laake/#post-2287760 and the person who commented upon it, under the pseudonyms: The Dirty Army; and Psychic Vampire Slayer, respectively. Also, for the names, computer IP addresses and physical addresses of

Mr. John Laake
February 25, 2020
Page 2

the owner(s) of the following email addresses: dmca@thedirty.com and legal@thedirty.com.

**RESPONSE:**

**Objection, timeliness.** A subpoena must be quashed when it "fails to allow a reasonable time to comply." Fed. R. Civ. P. 45(d)(3)(A). Numerous courts have held that a compliance period of less than fourteen days is unreasonable. *See, e.g., Arch Ins. Co. v. Centerplan Constr. Co., LLC*, No. 3:16-cv-01891-VLB, 2017 WL 4998645, at *1 (D. Conn. Nov. 2, 2017) (one week); *Brown v. Hendler*, No. 09 Civ. 4486(RLE), 2011 WL 321139, at *2 (S.D.N.Y. Jan. 31, 2011) (nine days); *Memorial Hospice, Inc. v. Norris*, No. 2:08-CV-048-B-A, 2008 WL 4844758, at *1 (N.D. Miss. Nov. 5, 2008) ("allowing a single week for compliance is insufficient"). Plaintiff served the Subpoena on January 6, 2020, and demanded production on January 13, 2020—providing a seven day compliance period. The Subpoena fails to allow a reasonable time to comply.

**Objection, overbroad, not proportional to the needs of the case, relevance.** Discovery must be "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). To the extent this Subpoena seeks information regardless of its relevance to this matter, this Subpoena is overbroad, and not proportional to the needs of the case, because such discovery is not relevant to this action.

**Objection, overbroad, unduly burdensome, not proportional to the needs of the case.** To the extent this Subpoena seeks information regardless of its relevance to this matter, this Subpoena is unduly burdensome, and not proportional to the needs of the case.

**Objection, unduly burdensome, vague and ambiguous.** The term "upon the Godaddy server" is impermissibly vague, as GoDaddy is not the hosting provider for the website that resolves from the domain name thedirty.com, and thus does not store the website's content on its servers. GoDaddy merely provides standard domain name registration services for the domain name thedirty.com. As a result, the Subpoena is overbroad, vague, and ambiguous.

**Objection, Subpoena seeks to violate the Stored Communications Act.** To the extent this Subpoena seeks information prohibited from disclosure pursuant to the Stored Communications Act, 18 U.S.C. § 2701 *et seq.*, this Subpoena is improper.

**Objection, proprietary and confidential information.** To the extent this Subpoena asks GoDaddy to produce confidential, proprietary, and/or trade secret information, this Subpoena is improper.

**Objection, Subpoena seeks to violate the attorney-client privilege and the attorney work product doctrine.** To the extent this Subpoena seeks privileged communications with in-house counsel and outside counsel, or notes and other protected work product, this Subpoena is improper.

Mr. John Laake
February 25, 2020
Page 3

**Objection, overbroad, not proportional to the needs of the case, third party privacy.** To the extent this Subpoena seeks personal information about GoDaddy's owners, managers, employees, representatives, agents, customers, or other persons affiliated with GoDaddy, or other personal identifiers related to these individuals, this Subpoena seeks to invade upon the privacy of such persons.

**Objections, documents in another entity's possession, custody, or control.** To the extent this Subpoena seeks information pertaining to the website that resolves from the domain name thedirty.com, documents responsive to this Subpoena, to the extent they exist, would be in the possession, custody, or control of the owner of the website, or the hosting provider for the website.

Subject to and without waiver of these objections, GoDaddy produces herewith a document Bates-labeled GD 000001. As noted above, GoDaddy merely provides domain name registration services for the domain name thedirty.com, and GoDaddy does not provide hosting services to the website that resolves from that domain name.

Sincerely,

COZEN O'CONNOR

Jeffrey M. Monhait

JMM

cc:   Paula L. Zecchini (pzecchini@cozen.com)

# Domain Information for Shopper ID 12991921

Shopper ID: 12991921
Domain Name: THEDIRTY.COM
Registrar: GoDaddy.com, LLC
Status: Active
Name Servers:
Auto Renew:
Renew Period: 0

### Registrant Contact

Name: Nik Richie
Company: BRG LLC
Email: legal@thedirty.com
Address 1: 620 Newport Center Dr
Address 2: Suite 1100
City: Newport Beach
State/Province: California
Postal Code: 92660
Country: United States
Phone: +1.949-721-6603
Fax: 480-368-2851
Modify Time: 12/19/2017 4:51:02 PM

### Technical Contact

Name: Nik Richie
Company: BRG LLC
Email: legal@thedirty.com
Address 1: 620 Newport Center Dr
Address 2: Suite 1100
City: Newport Beach
State/Province: California
Postal Code: 92660
Country: United States
Phone: +1.949-721-6603
Fax: 480-368-2851
Modify Time: 12/19/2017 4:51:02 PM

### Administrative Contact

Name: Nik Richie
Company: BRG LLC
Email: legal@thedirty.com
Address 1: 620 Newport Center Dr
Address 2: Suite 1100
City: Newport Beach
State/Province: California
Postal Code: 92660
Country: United States
Phone: +1.949-721-6603
Fax: 480-368-2851
Modify Time: 12/19/2017 4:51:02 PM

### Billing Contact

Name: Nik Richie
Company: BRG LLC
Email: legal@thedirty.com
Address 1: 620 Newport Center Dr
Address 2: Suite 1100
City: Newport Beach
State/Province: California
Postal Code: 92660
Country: United States
Phone: +1.949-721-6603
Fax: 480-368-2851
Modify Time: 12/19/2017 4:51:02 PM

CONFIDENTIAL