David S. Gingras, #021097
**Gingras Law Office, PLLC**
4802 E. Ray Road, #23-271
Phoenix, AZ 85044
Tel.: (480) 264-1400
Fax: (480) 248-3196
David@GingrasLaw.com

Attorney for Defendant Dirty World, LLC

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| John Laake a/k/a Winter Laake,<br><br>    Plaintiff,<br><br>    v.<br><br>Dirty World, LLC d/b/a TheDirty.com and John Doe,<br><br>    Defendants. | Case No. 19-cv-5444-DMF<br><br>**MOTION TO DISMISS** |

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Dirty World, LLC ("Dirty World") respectfully moves for an order dismissing Plaintiff's First Amended Complaint (Doc. #29) as to Dirty World, without leave to amend.

**I.    PRELIMINARY ISSUES**

In order to avoid any confusion, some preliminary comments are offered prior to addressing the merits. First, as the Court is aware on January 14, 2020, the undersigned filed a Notice re: Non-Representation (ECF Doc. #21). In this notice, the undersigned explained that he had previously represented Dirty World in the past, but he did not represent Dirty World, LLC with respect to this case. At the time the notice was filed, this statement was accurate.

1    Since then, on February 26, 2020, the Court issued an Order (Doc. #23) striking Mr. Laake's previous First Amended Complaint (Doc. #22) for technical reasons. Despite this, on February 28, 2020, a deputy U.S. Marshal served the undersigned with a copy of the stricken Complaint. Finally, on March 6, 2020, the District Judge issued an Order (Doc. #26) granting leave for Mr. Laake to file his First Amended Complaint (with certain limitations based on the prior Report and Recommendation of this Court). Having received leave of court, Mr. Laake re-filed his First Amended Complaint (Doc. #29) on March 13, 2020.

In light of this somewhat messy procedural history, the Court and Mr. Laake are informed that the undersigned has now been retained to represent Dirty World in this matter. In any event, for the reasons explained below, taking the factual allegations as true and construing them in a light most favorable to the Plaintiff, Mr. Laake's Amended Complaint fails to state any claims upon which relief may be granted as to Dirty World. For that reason, the Amended Complaint should be dismissed as to Dirty World, and such dismissal should be without leave to amend.

## II.   SUMMARY OF CASE

In its screening order dated November 26, 2019 (Doc. #12), the Court analyzed Mr. Laake's initial Complaint and noted it appeared to state two claims for relief: 1.) federal copyright infringement, and 2.) defamation under Arizona state law. The Court further expressed concerns regarding whether these claims were tenable in light of the Communications Decency Act, 47 U.S.C. § 230 (the "CDA") and the Digital Millennium Copyright Act, 17 U.S.C. § 512 (the "DMCA"), but it reserved those issues for consideration at a later time.

Mr. Laake's current Amended Complaint continues to assert the same two claims, although the terms "libel", "slander" and "defamation" are used interchangeably. Whether Mr. Laake refers to his claim as "libel", "defamation", or "slander" is not significant because Arizona's single publication statute limits defamation plaintiffs to a single cause of action per-publication, regardless of how the claim is styled. *See* A.R.S. §

12–651(A) (providing, "No person shall have more than one cause of action for damages for libel, slander, invasion of privacy *or any other tort* founded upon a single publication, exhibition or utterance … .") (emphasis added). This rule expressly applies to information published on the Internet. *See Larue v. Brown*, 235 Ariz. 440, 445, 333 P.3d 767, 772 (App. 2014) (explaining, "The policy concerns behind the single publication rule apply with equal or more force to Internet publication.")

In short, if Mr. Laake believes he has been harmed by false information published on the Internet, A.R.S. § 12–651(A) permits him to proceed with a single[1] cause of action to redress that harm, however the claim is denominated. For ease of reference, this motion will refer to Mr. Laake's claim as one for defamation.

As explained herein, Mr. Laake's defamation claim is (as the Court suggested) barred by the CDA as it relates to Dirty World. Put simply, Mr. Laake is free to pursue claims against the original author of the disputed statement, but the CDA does not permit Mr. Laake to sue Dirty World for simply "allowing" this statement to appear on its website, which is exactly what the Complaint alleges.

As for Mr. Laake's copyright infringement claim, although the theory may also be precluded by the safe-harbor provisions of the DMCA or the fair use provisions of 17 U.SC. § 107, it is not necessary to reach those questions at this time. This is so because "the DMCA safe harbors are affirmative defenses … ." *Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1039 (9th Cir. 2013). Like any defense, it is not necessary to reach the DMCA because Mr. Laake's infringement claim fails on its face for *other* reasons.

Specifically, Mr. Laake has not alleged that the photograph in question has been registered with the U.S. Copyright Office. Accordingly, pursuant to 17 U.S.C. § 411(a), Mr. Laake is not permitted to proceed with an infringement claim at this time, and the claim must therefore be dismissed. Both points are explained further herein.

---

[1] Dirty World is not suggesting that A.R.S. § 12–651(A) has any impact on Mr. Laake's copyright infringement claim as this claim has different elements than a cause of action for defamation.

3

## III. ARGUMENT

### a. 17 U.S.C. § 411(a) Bars Suits Over Unregistered Copyrights

In its earlier screening order, the Court correctly noted that copyright infringement claims generally contain two basic elements: "To prove copyright infringement, a plaintiff must demonstrate (1) ownership of the allegedly infringed work and (2) copying of the protected elements of the work by the defendant." *Unicolors, Inc. v. Urban Outfitters, Inc*., 853 F.3d 980, 984 (9th Cir. 2017) (quoting *Pasillas v. McDonald's Corp*., 927 F.2d 440, 442 (9th Cir. 1991)). This Court noted Mr. Laake's pleading appeared to allege facts sufficient to establish both elements.

Although the Court's legal analysis of this claim was correct, it was incomplete. In addition to ownership and unauthorized copying, more is required for a plaintiff to plead a colorable infringement claim. Specifically, due to the requirements of 17 U.S.C. § 411(a), the plaintiff must also allege that the work in question has been registered with the U.S. Copyright Office. When such an allegation is lacking, the claim is not tenable.

This is so because Section 411(a) provides: "no civil action for infringement of the copyright in any United States work shall be instituted until ... registration of the copyright claim has been made in accordance with this title." To satisfy this requirement, the plaintiff must allege that an application for registration has been submitted to the U.S. Copyright Office <u>and</u> a certificate of registration has actually been issued by the Copyright Office for the work in question. *See Fourth Estate Public Benefit Corporation v. Wall-Street.com, LLC*, ___ U.S.___, 139 S.Ct. 881, 203 L.Ed.2d 147 (2019) (affirming dismissal of infringement claim where plaintiff failed to allege certificate of registration was <u>issued</u> by the Copyright Office). Indeed, the U.S. Supreme Court's recent decision on this point in *Fourth Estate* overruled prior Ninth Circuit law which had held a plaintiff need only *apply* for a registration certificate, not that a certificate actually be issued. *See Cosmetic Ideas, Inc. v. IAC/Interactivecorp*, 606 F.3d 612, 612 (9th Cir. 2010) (holding "receipt by the Copyright Office of a complete application satisfies the registration requirement of § 411(a)."), *overruled by Fourth Estate*, *supra*.

Based on Section 411(a) and the Supreme Court's decision in *Fourth Estate*, Mr. Laake's infringement claim must be dismissed because nowhere does he allege that a *certificate of registration has actually been issued* for the work allegedly infringed. Accordingly, Mr. Laake has not shown compliance with 17 U.S.C. § 411(a), and his infringement claim must be dismissed for that reason.

### b. Plaintiff's Defamation Claim Is Barred By 47 U.S.C. § 230(c)(1)

Mr. Laake's Amended Complaint is clear—he claims he was defamed by a short statement authored by an anonymous individual sued as "JOHN DOE". *See* First Amended Complaint at ¶ 7. Mr. Laake pleads no facts showing that this unknown individual was employed by, or associated in any way with, Dirty World, LLC.

Instead, Mr. Laake blames Dirty World simply because it "provided" a platform (i.e., a website) which "allowed" John Doe to published the allegedly[2] false statements about Mr. Laake. Indeed, in Paragraph 28 of the First Amended Complaint, Mr. Laake offers a colorful analogy of Dirty World's role, likening it to Mary Surratt who was convicted of conspiring in the assassination of President Abraham Lincoln:

> During Pres. Abraham Lincoln's assassination, conspirator Mrs. Mary Surratt handed the co-conspirators carbines and allowed the use of her home to them to plot the murders of Lincoln's cabinet members. She further provided the co-conspirators with a lodging place wherein they could dwell. Mrs. Surratt was hung for her crimes. Similarly herein, the <u>Defendant The Dirty, through their website platform, provides a place for the co-Defendant the "psychic vampire slayer" to lodge his/her libelous statements and railings wrongfully against the Plaintiff</u>. With their words they effectively "murder" the plaintiff, by damaging his reputation. <u>The Dirty enables the co-Defendant John Doe by hosting the website which caters to the libel,</u> which effectively murders the Plaintiffs reputation and puts Plaintiff risk of actually being murdered, as the Defendant The Dirty has wrongfully claimed that he is a human trafficker rapist. These Defendants must be held to account. (emphasis added)

---

[2] For the purposes of this motion, the Court may assume the speech in question is false and would otherwise be actionable as those points are not relevant to the application of CDA immunity. *See*, *e.g.*, *Global Royalties, Ltd. v. Xcentric Ventures, LLC*, 544 F.Supp.2d 929 (D.Ariz. 2008) (describing narrow scope of issues relevant to CDA).

As creative and dramatic as this example may be, it has no application here. This is so because unlike the crime committed by Mrs. Surratt—conspiracy to assassinate the President (which remains a crime prohibited by 18 U.S.C. § 1751(d))—in the context of Internet publications and online speech, the law currently does not recognize, nor permit, the same type of "co-conspirator" liability.

The reasons for this are explained at length in *Jones v. Dirty World Ent. Recordings, LLC*, 755 F.3d 398 (6th Cir. 2014) (a copy of which was provided to Mr. Laake prior to the filing of this motion), a case involving virtually identical claims against Dirty World. As *Jones* explains, if defamatory statements are posted on TheDirty.com by a third party user of the site, an aggrieved person is not without a remedy – they remain free to sue the author of the statements in question. Indeed, here Mr. Laake is doing precisely that – in addition to suing Dirty World, he is also pursuing claims against the "John Doe" author of the statement in question.

In this context, unlike the example of Mrs. Surratt, the law simply does not permit a person in Mr. Laake's position to impose joint liability on a website provider simply for providing a "platform" or a "forum" where others have posted allegedly harmful statements. On the contrary, Congress expressly abolished this form of secondary liability in 1996 when the CDA was passed, and regardless of the wisdom of that rule, only Congress is vested with the power to reconsider it; "Plaintiff argues that [CDA immunity] … is bad policy. Yet, it is not the role of the federal courts to second-guess a clearly stated Congressional policy decision." *Noah v. AOL Time Warner, Inc*., 261 F.Supp.2d 532, 539 n.5 (E.D.Va. 2003).

In addition to the Sixth Circuit's decision in *Jones*, many courts agree the CDA bars claims exactly like those Mr. Laake asserts here: "Parties complaining that they were harmed by a Web site's publication of user-generated content have recourse; they may sue the third-party user who generated the content, but not the interactive computer service that enabled them to publish the content online." *Doe v. MySpace, Inc*., 528 F.3d 413, 419 (5th Cir. 2008); *see also S.C. v. Dirty World, LLC*, 2012 WL 3335284, *4

6

(W.D.Mo. 2012) (granting summary judgment in favor of Dirty World based on CDA immunity because: "a third party unilaterally created and submitted the [actionable speech] without specific instructions or requests from the Defendants to do so. This is precisely the type of situation that warrants CDA immunity.")

In response, Mr. Laake may suggest that it is unfair to dismiss his claims against Dirty World based on the CDA unless and until the original author of the speech has been found. That is simply not a tenable argument. This is so because the Ninth Circuit has squarely rejected similar attempts to "plead around" the CDA by plaintiffs who make conclusory allegations that a website operator (rather than a third party) created the speech in question:

> [F]or a plaintiff to make a plausible claim that [a website owner] authored [a review], <u>it must plead facts tending to demonstrate that the ... review was not, as is usual, authored by a user</u>. A careful reading of the complaint reveals that [plaintiff] never specifically alleged that [the website owner] authored or created the content of the statements posted under the aegis of Sarah K, but rather that [the website owner] adopted them from another website and transformed them into its own stylized promotions on Yelp and Google. <u>We have no trouble in this case concluding that threadbare allegations of fabrication of statements are implausible on their face and are insufficient to avoid immunity under the CDA</u>. Were it otherwise, CDA immunity could be avoided simply by reciting a common line that user-generated statements are not what they say they are. <u>It cannot be the case that the CDA and its purpose of promoting the "free exchange of information and ideas over the Internet" could be so casually eviscerated</u>.

*Kimzey v. Yelp!, Inc.*, 836 F.3d 1263, 1268–69 (9th Cir. 2016) (emphasis added) (affirming Rule 12(b)(6) dismissal based on CDA immunity because the Complaint failed to contain any facts plausibly showing the website operator [Yelp] created the allegedly actionable speech) (internal citations/quotations omitted).

A similar scenario occurred in *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250 (4th Cir. 2009). In that case, the plaintiff (a car dealership) sued the operator of a consumer review website for publishing numerous allegedly false reviews. In response, the website owner asserted CDA immunity in a Motion to Dismiss.

The plaintiff argued its Complaint contained sufficient facts to plausibly defeat CDA immunity because, among other things, it was not able to identify the authors of every disputed post, thus raising the *possibility* the posts were created by the website owner (in which case the CDA would not apply). The District Court rejected this argument and the Court of Appeals affirmed, finding CDA immunity could not be overcome based on conclusory and unsupported allegations that a website owner (rather than a third party user of the website) somehow created the actionable speech:

> Nemet has not pled that Consumeraffairs.com created the allegedly defamatory eight posts based on any tangible fact, but solely because it (Nemet) can't find a similar name or vehicle of the time period in Nemet's business records. Of course, the post could be anonymous, falsified by the consumer, or simply missed by Nemet. There is nothing but Nemet's speculation which pleads Consumeraffairs.com's role as an actual author in the Fabrication Paragraph.
>
> *     *     *
>
> Nemet has thus failed to nudge its claims that Consumeraffairs.com is an information content provider for any of the twenty posts across the line from the "conceivable to plausible." As a result, Consumeraffairs.com is entitled to § 230 immunity and the district court did not err by granting the motion to dismiss.

*Nemet Chevrolet*, 591 F.3d at 259–60.

In sum, cases like *Nemet* and *Kimzey* establish a very clear and simple rule: plaintiffs who want to pursue a defamation claim based on speech published on the Internet must undertake efforts to identify the author of the speech <u>first</u>.[3] If those efforts are successful, and assuming the facts and the law otherwise support liability, the plaintiff can proceed with his or her suit against the author. Beyond this, and in the absence of non-speculative facts showing that a website owner itself created or materially altered the speech in question, CDA immunity will bar the plaintiff's suit.

---

[3] A complete discussion of the legal and procedural requirements for a plaintiff seeking to unmask an anonymous Internet speaker is beyond the scope of the current motion. However, helpful cases on this point include *Mobilisa v. Doe*, 217 Ariz. 103, 170 P.3d 712 (App. 2007) and *In Re Anonymous Online Speakers*, 661 F.3d 1168 (9th Cir. 2011).

GINGRAS LAW OFFICE, PLLC
4802 E. RAY ROAD, #23-271
PHOENIX, AZ 85044

Here, Mr. Laake's Amended Complaint contains no facts showing that Dirty World created or materially altered the speech in question. For that reason, Section 230(c)(1) bars Mr. Laake's defamation claim as to Dirty World.[4]

### IV.   CONCLUSION

For the reasons stated above, Mr. Laake's First Amended Complaint should be dismissed as to Dirty World, LLC pursuant to Fed. R. Civ. P. 12(b)(6). In addition, because Mr. Laake has already amended his Complaint numerous times, and because it is clear that amendment would be futile as to Dirty World, the dismissal should be without leave to amend.

RESPECTFULLY SUBMITTED: March 16, 2020.

**GINGRAS LAW OFFICE, PLLC**

_____
David S. Gingras, Esq.
Attorney for Defendant Dirty World, LLC

---

[4] To be clear, the CDA does not apply to federal intellectual property claims. *See* 47 U.S.C. § 230(e)(2). This includes claims for copyright infringement. *Perfect 10 v. CCBill, LLC*, 488 F.3d 1102 (9th Cir. 2007). As such, Dirty World agrees the CDA does not affect Mr. Laake's infringement claim which fails for other reasons.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 16, 2020, I transmitted the attached document to the Clerk's Office for filing, and emailed a copy of the foregoing to:

John Laake
469 Grand Avenue
Aurora, IL 60506
Via Email Only: wolfloki@yahoo.com
Plaintiff Pro Se



10