WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

John Laake,

    Plaintiff,

v.

Dirty World LLC, et al.,

    Defendants.

No. CV-19-5444-PHX-DMF

**ORDER**

This matter is before the Court on the motion to dismiss Plaintiff's First Amended Complaint filed by Defendant Dirty World LLC ("Dirty World") pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has responded (Doc. 37), and Dirty World has replied (Doc. 38). Dirty World seeks dismissal of Plaintiff's copyright claim against Dirty World because Plaintiff did not allege that he registered the work in question with the U.S. Copyright Office as required by 17 U.S.C. § 411(a). Dirty World seeks dismissal of Plaintiff's defamation claim against Dirty World because the claim is barred under the Communications Decency Act, 47 U.S.C. § 230 (the "CDA"). Both of the named parties in this case, Plaintiff John Laake and Defendant Dirty World, have consented to the undersigned United States Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c) (Docs. 10, 33).[1] Dirty World's motion to dismiss is ripe for decision.

---

[1] The First Amended Complaint also alleges claims against "John Doe", who has not been identified or served. While unserved defendants generally must also consent for a magistrate judge to exercise jurisdiction based on "consent of the parties" under 28 U.S.C. § 636(c), *see Williams v. King*, 875 F.3d 500 (9th Cir. 2017), this Court is not aware of any

## I. LEGAL STANDARD

"The purpose of a motion to dismiss under [Fed. R. Civ. P.] 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Generally, a plaintiff's burden at the pleading stage is relatively light. Rule 8(a) of the Federal Rules of Civil Procedure states that a "pleading which sets forth a claim for relief ... shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must analyze the complaint and take "all allegations of material fact as true and construe them in the light most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal may be based on a lack of a cognizable legal theory or on the absence of facts that would support a valid theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (*quoting Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984) with internal quotations removed). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*,

---

decision holding that consent is necessary from a defendant who is both unknown and unserved. Courts disregard such defendants in other contexts, including contexts affecting jurisdiction. *See, e.g.*, 28 U.S.C. § 1441(b)(1) (providing that for removal based on diversity of citizenship, "the citizenship of defendants sued under fictitious names shall be disregarded"); *Fat T, Inc. v. Aloha Tower Assocs. Piers 7, 8 & 9*, 172 F.R.D. 411, 414-15 (D. Hawaii 1996) (reaching the same conclusion for diversity jurisdiction with respect to cases initially filed in federal court). Plaintiff cannot proceed against unknown, fictitious John Doe without filing a motion for substitution to identify him, supporting a conclusion that John Doe is not yet a "party" under the present complaint. *See Steger v. Peters*, 2018 WL 3430671, at *1 n.1 (D. Oregon July 16, 2018) (holding at a later stage in the case that consent of unserved defendants identified only by fictitious names was unnecessary for jurisdiction under 28 U.S.C. § 636(c)). Thus, undersigned concludes that consent of unknown, fictitious, and unserved John Doe is not necessary for undersigned to proceed under 28 U.S.C. § 636(c).

556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 555). Importantly, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (*quoting Papasan v. Allain*, 478 U.S. 265, 286 (1986) with internal quotations removed). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557 with internal quotations removed) (alteration in original). The claim being evaluated must be "plausible on its face," meaning that the plaintiff must plead in the complaint sufficient factual allegations to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*quoting Twombly*, 550 U.S. at 570 with internal quotations removed).

## II. ANALYSIS

### A. Copyright Claim Against Dirty World

Plaintiff bases his copyright claim against Dirty World on 17 U.S.C. § 504. *See* First Amended Complaint, Doc. 29 at page 3, paragraph 11. Dirty World correctly points out that the First Amended Complaint (Doc. 29) does not allege that the image at issue has been registered with the U.S. Copyright Office (Doc. 30 at 5). Dirty World asserts that 17 U.S.C. § 411(a) requires for maintaining a copyright infringement claim that the "work in question has been registered with the U.S. Copyright Office" (*Id.* at 4). The Court agrees with Dirty World that "[w]hen such an allegation is lacking, the claim is not tenable" (*Id.*). *See Fourth Estate Public Benefit Corporation v. Wall-Street.com, LLC*, __ U.S. __, 139 S.Ct. 881 (2019).

In his response to Dirty World's motion to dismiss, Plaintiff does not attempt to counter Dirty World's argument about the copyright claim. In fact, in his response, Plaintiff does not at all refer to his copyright claim against Dirty World. If Plaintiff had registered the image at issue with the U.S. Copyright Office, he would have asserted such in his response and would have requested leave to amend the First Amended Complaint to allege such. Plaintiff has not done so. Without such registration, Plaintiff's copyright claim against Dirty World cannot proceed. Thus, Plaintiff's copyright claim against Dirty

World will be dismissed without prejudice. *See Fourth Estate Public Benefit Corporation*, 139 S.Ct. at 886-887.

### B. Defamation Claim Against Dirty World

Plaintiff's First Amended Complaint alleges a defamation claim against Dirty World and against an unknown individual (Doc. 29). Plaintiff alleges that the unknown individual, referenced with the fictitious name John Doe, "posted anonymously upon the host website: www.thedirty.com under the pseudonym 'psychic vampire slayer'" (Doc. 29 at page 2, paragraph 6). The First Amended Complaint describes Defendant Dirty World as "a user-submitted gossip website on the worldwide web which began in 2007 at the website: www.thedirty.com" (*Id.* at page 2, paragraph 4). The First Amended Complaint alleges that Dirty World "specifically encourages users to upload their own 'dirt' which may include news, gossip, accusations, photos, videos, or text, and users can comment on posts submitted by others" (*Id.*). The First Amended Complaint alleges that Dirty World "is made part of this lawsuit for hosting a website that they know libels people" (*Id.* at page 4 paragraph 16). The First Amended Complaint alleges that Dirty World "created the platform" for defamation and, thus, is liable (*Id.*). This "platform" or "host" theory of liability is reiterated in other paragraphs of the First Amended Complaint (Doc. 29), such as paragraphs 17, 20, 28, 29, 30.

Yet, federal law forbids defamation claims against host or platform website operators such as Dirty World, such as those alleged here, under the Communications Decency Act, 47 U.S.C. § 230 (the "CDA"). Dirty World cites multiple cases explaining the reasons underlying CDA's prohibition (Doc. 30 at 6-7). Conclusory and speculative allegations that the host or platform website operator must have created the speech is not sufficient to state a claim. *See Kimzey v. Yelp!, Inc.*, 836 F.3d 1263, 1268-69 (9th Cir. 2016). Plaintiff has not plead facts here that "tend to demonstrate that the" post "was not, as is usual, authored by a user." *Kimzey*, 836 at 1268 (citation and internal quotations omitted). Further, the possibility that the posts were created by the website owner is not sufficient for a defamation claim to proceed against a host or platform website operator.

*See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250 (4th Cir. 2009).

The First Amended Complaint's allegation that "it is evident" that Dirty World "itself places comments on the webpages that are posted on their website www.thedirtyarmy.com" because the phrase "The Dirty Army" is present on Dirty World's website and also its Facebook page is not sufficient to defeat CDA immunity (Doc. 29 at page 2, paragraph 17).

Because the CDA prevents Plaintiff's defamation claim against Dirty World, Plaintiff's defamation claim against Dirty World will be dismissed. The dismissal will be without prejudice. Although Plaintiff has not alleged, and it appears cannot allege in good faith, facts supporting a claim that Dirty World created the purportedly defamatory content at issue in the litigation, Plaintiff has not yet identified the person who created the allegedly defamatory post. Dismissal without prejudice is appropriate to account for the possibility that Plaintiff were to discover that Dirty World created the content at issue rather than hosted a forum for the content at issue which was authored by users.

### III.  CONCLUSION

Dirty World asks for dismissal with prejudice of the claims against Dirty World, rather than without prejudice. Dirty World requests dismissal with prejudice, arguing futility and asserting that Plaintiff has amended his complaint multiple times. For the reasons stated above and because Plaintiff has only amended his claims against Dirty World one time, Plaintiff's copyright claim against Dirty World and Plaintiff's defamation claim against Dirty World will be dismissed without prejudice.

Accordingly,

**IT IS ORDERED** granting Defendant Dirty World, LLC's motion to dismiss as stated herein (Doc. 30). Plaintiff's copyright claim against Dirty World and Plaintiff's defamation claim against Dirty World are dismissed without prejudice.

**IT IS FURTHER ORDERED** that the only remaining defendant in this matter is unidentified defendant John Doe.

**IT IS FURTHER ORDERED** that on or before **June 16, 2020**, Plaintiff must identify John Doe, Plaintiff must file a corresponding motion for substitution of John Doe, and, if Plaintiff desires the United States Marshal to attempt service of the person Plaintiff seeks to substitute, Plaintiff must return to the Clerk of Court a completed service packet for the person he seeks to substitute.

**IT IS FURTHER ORDERED** that the deadline to serve a person who is substituted for unidentified defendant John Doe is **July 30, 2020**.

**IT IS FURTHER ORDERED** that the Clerk of Court mail to Plaintiff a service packet for Plaintiff to complete for defendant John Doe so that service of the person substituted for defendant John Doe will proceed in a timely manner.

Dated this 14th day of April, 2020.

_____
Honorable Deborah M. Fine
United States Magistrate Judge