David S. Gingras, #021097
**Gingras Law Office, PLLC**
4802 E. Ray Road, #23-271
Phoenix, AZ 85044
Tel.: (480) 264-1400
Fax: (480) 248-3196
David@GingrasLaw.com

Attorney for Defendant Dirty World, LLC

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| John Laake a/k/a Winter Laake,<br><br>  Plaintiff,<br><br>  v.<br><br>Dirty World, LLC d/b/a TheDirty.com and John Doe,<br><br>  Defendants. | Case No. 19-cv-5444-DMF<br><br>**DIRTY WORLD, LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT** |

## I.      INTRODUCTION

When a party feels a judge has made a mistake, several options are available. One option is to bring a Motion for Reconsideration. These motions are not expressly recognized by the Federal Rules; "Strictly speaking, '[t]here is no motion for "reconsideration" in the Federal Rules of Civil Procedure.'" *Glass v. AsicNorth, Inc.*, 2020 WL 1158563, *1 n.1 (D.Ariz. 2020) (quoting *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000)).

However, the local rules of the Arizona District Court <u>do</u> recognize Motions for Reconsideration. Although Mr. Laake does not specifically invoke the local rules, it is worth looking at the rule to emphasize how narrow this type of relief is:

**(g) Motions for Reconsideration.**
(1) Form and Content of Motion. The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of <u>manifest error</u> or a showing of <u>new facts or legal authority that could not have been brought to</u>

<u>its attention earlier with reasonable diligence</u>. Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order. No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order. Failure to comply with this subsection may be grounds for denial of the motion.

Ariz. Dist. Ct. Local Rule LRCiv 7.2(g) (emphasis added).[1]

As the text of the rule plainly shows, a Motion for Reconsideration should never be used to present arguments that were already raised and rejected, nor should it be used to present new facts or legal authority unless those points could not have been raised sooner; "A motion for reconsideration should not be used to ask the court 'to rethink what the court had already thought through—rightly or wrongly.'" *U.S. v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D.Ariz. 1998) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va. 1983)).

Rather, reconsideration should only be sought where the district court made a "manifest" error of fact or law, or where new evidence or legal authority has been discovered which shows the court's prior decision was clearly wrong. Mere disagreement with the court's decision or analysis should be directed elsewhere; "Arguments that the court was in error on the issues it considered should generally be directed to the Court of Appeals." *Rezzonico*, 32 F.Supp.2d at 1116.

In addition to reconsideration under Local Rule LRCiv 7.2(g), Fed. R. Civ. P. 60 provides another option for seeking relief from orders/judgments under similar standards. Although there are many reasons why relief under Rule 60(b) is not appropriate here, only a few points warrant discussion: Mr. Laake presents arguments that are simply wrong as a matter of law, or are otherwise irrelevant to the issues.

---

[1] A complete set of all Local Rules is available on the District Court's website: http://www.azd.uscourts.gov/sites/default/files/local-rules/LRCiv%202019.pdf

2

## II. DISCUSSION

### a. 47 U.S.C. § 233 Does Not Help Plaintiff's Position

Mr. Laake's primary argument is this: Dirty World should not be protected from Mr. Laake's defamation claim because the CDA does not apply to federal *crimes* such as the ones defined in 47 U.S.C. § 233. Because the CDA does not apply to federal crimes, and because Mr. Laake feels like he is the victim of criminal acts, he asserts Dirty World's Motion to Dismiss should have been denied.

There are numerous problems with this argument. First, to be clear, the CDA <u>does</u> contain a provision which expressly excludes federal crimes from the CDA's immunity provision. *See* 47 U.S.C. § 230(e)(1). Accordingly, Mr. Laake is correct when he notes that the CDA does not bar any federal criminal laws.

But this point has nothing to do with this case. Mr. Laake has not brought any claims under any federal *criminal* statute. Rather, Mr. Laake's Amended Complaint asserted two primary claims: 1.) Copyright Infringement, and 2.) Defamation. Of those two claims, Dirty World only argued the *defamation* claim was barred by the CDA. Dirty World never argued the CDA applied to Mr. Laake's infringement claim, nor did the Court rely on the CDA in dismissing the infringement claim.[2]

Regardless of whether the CDA would apply to bar a private cause of action based on the violation of a federal criminal statute, no such claims were present in this case. Moreover, this Court correctly held based on controlling authority from the Ninth Circuit such as *Kimzey v. Yelp! Inc.*, 836 F.3d 1263 (9th 2016), the CDA <u>does</u> bar civil defamation claims when the allegedly actionable speech originated with a third party (and even when the identity of the original author is unknown). The Court made no "mistake" in applying the CDA to Mr. Laake's defamation claim.

---

[2] Just as the CDA does not apply to federal crimes, it also does not apply to federal *intellectual property* claims like copyright infringement. *See* 47 U.S.C. § 230(e)(2) ("Nothing in this section shall be construed to limit or expand any law pertaining to intellectual property."); *see also Perfect 10, Inc. v. CCBill, LLC*, 488 F.3d 1102, 1118 (9th Cir. 2007) (holding, "the CDA does not clothe service providers in immunity from "law[s] pertaining to intellectual property.")

GINGRAS LAW OFFICE, PLLC
4802 E. RAY ROAD, #23-271
PHOENIX, AZ 85044

Even more fundamentally, Mr. Laake fails to understand that a violation of a federal criminal statute does not *automatically* give rise to a private civil cause of action. Put differently, Mr. Laake simply assumes that any *criminal* violation of 47 U.S.C. § 233 would give rise to a private *civil* claim for damages, but this assumption is both irrelevant (because Mr. Laake's Complaint contains no such claim) and is also wrong as a matter of law (because no civil cause of action exists for violations of 47 U.S.C. § 233).

Make no mistake—Congress <u>can</u> establish private civil claims that are based on the violation of a federal criminal law. But this can only occur when Congress clearly expresses its intent to create a civil cause of action. Absent a clear expression of intent from Congress, "a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." *Alexander v. Sandoval*, 532 U.S. 275, 286–87, 121 S. Ct. 1511, 1520, 149 L. Ed. 2d 517 (2001).

Putting aside the fact that Mr. Laake never asserted a civil claim under 47 U.S.C. § 233, could he have done so? Have any courts found a criminal violation of Section 233 would support a private civil claim for damages?

The answer is NO, and the reason for that result is actually somewhat interesting. Without getting too technical, the immunity provisions of 47 U.S.C. § 230 (commonly referred to as the "Communications Decency Act" or "CDA") were passed in 1996 as part of a larger package of legislation which included, among other things, the criminal provisions of 47 U.S.C. § 233 (less-commonly known as the Exon-Coats amendment). Since these laws were passed 24 years ago, the immunity provisions of Section 230 have received widespread attention from both the Courts and the public at large, but virtually nothing has been written about the Exon-Coats amendment. Why the disparity?

The answer is that the Exon-Coats amendment was <u>struck down as unconstitutional</u> by the U.S. Supreme Court almost immediately after the law was passed. *See Reno v. American Civil Liberties Union*, 521 U.S. 844, 117 S.Ct. 2329, 138 L.Ed.2d 874 (1997) (striking down 47 U.S.C. § 233 in its entirety, and refusing to sever any parts

of the statute because: "This Court 'will not rewrite a ... law to conform it to constitutional requirements.'" *Reno*, 521 U.S. at 884 (quoting *Virginia v. American Bookseller's Assn., Inc*., 484 U.S. 383, 397, 108 S.Ct. 636, 645, 98 L.Ed.2d 782 (1988)).

Thus, with all due respect to Mr. Laake, he is simply wrong when he suggests that the courts (including the Sixth Circuit's unanimous decision in *Jones v Dirty World Ent. Recordings, LLC*, 755 F.3d 398 (6th Cir. 2014)) misapplied the CDA by failing to "take into consideration the entire scope" of the CDA including 47 U.S.C. § 233. That argument is simply incorrect as a matter of law because although the text of the statute remains on the books, Section 233 is no longer a valid or enforceable law, nor does it impact how courts have interpreted the remaining parts of the CDA including Section 230. *See generally Enigma Software Group USA, LLC v. Malwarebytes, Inc*., 946 F.3d 1040 (9th Cir. 2019) (discussing history of both 47 U.S.C. § 230 and 47 U.S.C. § 233, and noting, "On February 1, 1996, Congress enacted both approaches as part of the CDA. The Exon-Coats amendment was codified at 47 U.S.C. § 223, but was later invalidated by *Reno v. ACLU … .*")

In short, Mr. Laake's argument regarding Section 233 is certainly creative, but ultimately it is without merit because Section 233 has been struck down as unconstitutional. But again, even assuming Section 233 was enforceable as a criminal statute, that does not mean Dirty World should be dragged through lengthy and expensive civil litigation. At best, if Mr. Laake feels he is the victim of a criminal act, he should report the matter to local, state, or federal law enforcement so they can investigate the matter and take whatever action they deem appropriate.

### b. Mr. Laake's Additional Arguments Are Unavailing

On pages 7–8 of his motion, Mr. Laake cites certain anonymous statements made on a "competitor" website, www.ScumBagged.com, which argues that TheDirty.com "has been discovered engaging in a pattern of corrupt activity." These anonymous hearsay statements are clearly matters outside the pleadings which the Court could not have considered (and did not consider) in the context of a Rule 12(b)(6) motion and, of

course, these statements were neither mentioned in Mr. Laake's Complaint nor his response to Dirty World's Motion to Dismiss. The fact that a competing website published false statements attacking TheDirty.com more than two years ago simply has nothing to do with Mr. Laake's claims in this case.

Finally, on page 9 of his motion, Mr. Laake argues that emotional distress damages may be recoverable in appropriate circumstances. That much is undisputed, but it entirely beside the point. If Mr. Laake has been emotionally damaged, he certain *can* proceed and seek compensation from the author of the post in question. Beyond that, he cannot blame others simply for creating a website where the speech in question was posted. *See Doe v. MySpace, Inc*., 528 F.3d 413, 419 (5th Cir. 2008) (finding emotional distress claims barred by CDA, and noting, "Parties complaining that they were harmed by a Web site's publication of user-generated content have recourse; they may sue the third-party user who generated the content, but not the interactive computer service that enabled them to publish the content online.")

### III.   CONCLUSION

For all the reasons stated above, Mr. Laake's motion should be denied.

RESPECTFULLY SUBMITTED: April 27, 2020.

**GINGRAS LAW OFFICE, PLLC**

David S. Gingras, Esq.
Attorney for Defendant Dirty World, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document on April 27, 2020 via the Court's ECF system, thereby causing a true copy of said document to be served electronically upon each other party registered through ECF.

