# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Laake,<br><br>   Plaintiff,<br><br>v.<br><br>Dirty World LLC, et al.,<br><br>   Defendants. | No.  CV-19-5444-PHX-DMF<br><br><br>**ORDER** |

Plaintiff has filed a motion entitled "Motion for Relief From a Judgment / Reservation of Rights" (Doc. 42).  This motion pertains to undersigned's Order dated April 14, 2020 (Doc. 40).  Dirty World has filed a response (Doc. 44).  A reply in this matter was due May 4, 2020, but one was not filed.  This motion is ripe for decision.

The April 14, 2020, Order at issue ruled on Defendant Dirty World, LLC's motion to dismiss (Doc. 30), dismissed without prejudice Plaintiff's copyright claim against Dirty World and Plaintiff's defamation claim against Dirty World, and expressly left unidentified defendant John Doe as the only remaining defendant (*Id.*).

Plaintiff's primary argument is that Dirty World should not be protected from Plaintiff's defamation claim because the immunity provision of the Communications Decency Act ("CDA"), 47 U.S.C. § 230, does not apply to federal crimes, citing 47 U.S.C. § 223.  Yet, Plaintiff's defamation claim was brought under state law, not under 47 U.S.C. § 223 or any federal statute.  Further, Dirty World is correct that there is no private right

of action under 47 U.S.C. § 223: "Absent a clear expression of intent from Congress, 'a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute.'" (Doc. 44 at 4) (*quoting Alexander v. Sandoval*, 532 U.S. 275, 286-87 (2001)).[1]  Finally and importantly, also as Dirty World points out, 47 U.S.C. § 223 was "invalidated by *Reno v. ACLU*, 521 U.S. 844, 877-79 [] (1997)." *Enigma Software Grp. USA, LLC v. Malwarebytes, Inc.*, 946 F.3d 1040, 1046 (9th Cir. 2019).

In its Order of April 14, 2020, the Court found unpersuasive Plaintiff's arguments that Dirty World is not entitled to the CDA's immunity protections from Plaintiff's defamation claim (Doc. 40).  The arguments in Plaintiff's motion (Doc. 42) are equally unpersuasive under applicable law.  Further, Plaintiff's argument about damages puts the cart before the horse.  That is, there can be no damages awarded against Dirty World for the allegedly defamatory posts at issue, emotional distress or otherwise, because of Dirty World's immunity from suit under the CDA.

Accordingly,

**IT IS HEREBY ORDERED** denying Plaintiff's motion (Doc. 42).

Dated this 12th day of May, 2020.

_____

Honorable Deborah M. Fine
United States Magistrate Judge

---

[1] The same is true of the federal extortion statute, 18 U.S.C. § 875, cited by Plaintiff. Further, Plaintiff has not alleged facts that could support a private right of action under the federal extortion statute, 18 U.S.C. § 875, even if there was such a private right of action.