JOHN LAAKE
Pro Se Plaintiff
469 Grand Ave.
Aurora, IL 60506
Telephone: (708) 352-0424

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| JOHN LAAKE,<br><br>Plaintiff,<br><br>v.<br><br>DIRTY WORLD, LLC and JOHN DOE,<br><br>Defendants. | No. 2:19-cv-05444-PHX-DMF<br><br>**PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S RULING** |

NOW COMES the Pro Se Plaintiff John Laake and respectfully makes his Objection to the Magistrate Judge's Order of May 13, 2020 (Dkt. 48) for the following reasons.

A party objecting to the order of a magistrate judge must make specific objections to warrant review. (Fed. R. Civ. P. 72(b)(2)).

Nowhere was it stated in the magistrate judge's prior order dated April 24, 2020 (Dkt. 43) regarding there being a "May 4" deadline for Plaintiff to file a Reply to dismissed out party, Dirty World. The first reference by the court to such a May 4, 2020 deadline is in the magistrate judge's order of May 13, 2020. Notably, Judge Fine made sure to let Defendant *Dirty World* know that they had 14 days to respond to Plaintiff's Motion for Relief dated April 23, 2020

[Dkt. 43]. Somehow, the Plaintiff was supposed to mysteriously know that he had 14 days to reply to a dismissed-out party, the Defendant Dirty World in this case, who was (*wrongfully*) dismissed out of this case, and without there even being so much as any initial Rule 26 Discovery conducted herein either. That is very clear prejudice and bias *towards* Dirty World and *against* the Plaintiff.

Plaintiff reiterates his assertion that Dirty World should not be protected from Plaintiff's defamation claim because the immunity provision of the Communications Decency Act ("CDA") 47 U.S.C. § 230 does not apply to federal crimes, citing 47 U.S.C. § 223.

The Plaintiff *disagrees* with the magistrate's assertion in the May 13, 2020 order wherein she states that: "Plaintiff's defamation claim was brought under state law, not under 47 U.S.C § 223 or any federal statute." **That is incorrect**. Both the Civil Cover Sheet (Dkt. 1-1) and the Complaint (Dkt. 1), as well as the First Amended Complaint (Dkt. 29) state that this case was correctly brought under 28 U.S.C. § 4101(1). That is federal law, not state law.

Plaintiff disagrees with the court about the quote from Defendant's Doc. 44 at 4 that purports to quote *Alexander v. Sandoval*, 532 U.S. 275, 286-87 in regards to there supposedly being no private right of action under 47 U.S.C. § 223. In fact, there is **no reference found** in *Sandoval* to 47 U.S.C. § 223. The actual premise of *Sandoval* is, "There is no private right of action for a disparate impact claim under a regulation of **Title VI of the Civil Rights Act of 1964**." (*Alexander v. Sandoval*, 532 U.S. 275, 286-87) [emphasis added]. There is no reference to 47 U.S.C. § 223 therein. It is not there.

Furthermore, the Plaintiff asserts that the court wrongfully agrees with the Defendant about that 47 U.S.C § 223 was supposedly "invalidated" by *Reno v. ACLU*, 521 U.S. 844, 877-79. The Defendant interprets that case with a broad brush. Incredibly, that is a case cite regarding child internet and has no bearing on this case herein. That case pertained to a certain section of 47 U.S.C. § 223, namely subsection (a)(1)(B), regarding indecent communication to **children**. The court in the *Reno* case stated in part:

> **Two provisions of the Communications Decency Act of 1996 (CDA or Act) seek to protect <u>minors</u> from harmful material on the Internet . . .** The court's judgment enjoins the Government from enforcing § 223(a)(1)(B)'s prohibitions insofar as they relate to "indecent" communications, but expressly **<u>preserves the Government's right to investigate and prosecute</u>** the obscenity or child pornography activities prohibited therein.

*(Reno v. ACLU*, 521 U.S. 844, 877-79). [emphasis added].

47 U.S.C. 223 (a)(1)(B) is that section that the CDA refers to in regards to matters pertaining to **children** and the internet. Nowhere in it does it say that the Government throws out the right to investigate and prosecute **libel**. No immunity from criminal activity is allowed within the CDA. Libel is against the law. Defendant's argument regarding *Reno* that it somehow gives free reign to Dirty World and its libelous postings is irrelevant.

Plaintiff Laake herein rightfully asserts herein that 47 U.S.C. § 223 (a)(E)(2) pertains to his case when it states:

> (a) Prohibited acts generally Whoever—
> (E) makes repeated telephone calls or repeatedly initiates communication with a telecommunications device, during which conversation or communication ensues, solely to harass any specific person; or
>
> (2) knowingly permits any telecommunications facility under his control to be used for any activity prohibited by paragraph (1) with the intent that it be used for such activity, shall be fined under title 18 or imprisoned not more than two years, or both.

(Communications Decency Act, 47 U.S.C. § 223 (a) (E)(2)).

Dirty World further points to *Enigma Software Grp. USA LLC v. Malwarebytes, Inc.*, 946 F.3d 1040, 1046 as bolstering their supposed lack of liability towards Plaintiff Laake. First of all, that is a *state court case* which held that 47 U.SC. §230 did not protect Malwarebytes for designating a competitor's anti-malware software as "otherwise objectionable. That certainly does not apply herein in this case.

Furthermore, 47 U.S.C. § 223 (e)(2)(3) states some *caveats* or warning of limitations regarding potential internet carrier immunity:

> (e) DEFENSES
>
> (2) **The defenses provided** by paragraph (1) of this subsection <u>**shall not be applicable to**</u> a person who is a conspirator with an entity actively involved in the creation or knowing distribution of **communications that violate this section, or who knowingly advertises the availability of such communications**.
>
> (3) **The defenses provided** in paragraph (1) of this subsection <u>**shall not be applicable to**</u> **a person who provides access or connection to a facility, system, or network engaged in the violation of this section that is owned or controlled by such person.**

(47 U.S.C. § 223 (e)(2)(3) [emphasis added].)

As the Plaintiff pointed out in his Motion for Relief (Dkt. 42) the CDA provides no immunity for criminal activity, because it specifically states:

> (e) DEFENSES
>
> (1) <u>No effect on criminal law</u>
>
> **Nothing in this section shall be construed to impair the enforcement of section 223 . . . or any other Federal criminal statute.**

Libel and allowing a telecommunications device under one's care and control to be used for the same is against the law. The law is unambiguous about that and it is totally clear in 47 U.S. Code § 223 wherein it states:

> 47 U.S. Code § 223. Obscene or harassing telephone calls in the District of Columbia or in interstate or foreign communications
>
> (a) Prohibited acts generally  Whoever—
>
> (C) makes a telephone call or utilizes a telecommunications device, whether or not conversation or communication ensues, without disclosing his identity and with intent to abuse, threaten, or harass any specific person;
>
> (2) knowingly permits any telecommunications facility under his control to be used for any activity prohibited by paragraph (1) with the intent that it be used for such activity, shall be fined under title 18 or imprisoned not more than two years, or both.

(47 U.S. Code § 223 (a)(C)(2)). [emphasis added]. *(See also* 28 USC 4101(1).

All of Defendant's arguments are immaterial to this case.

Dirty World rehashes several additional arguments in support of its response (Dkt. 44), none of which has merit.

Dirty World has some fantastical notion that libel is okay and acceptable because it is a website owner who is doing it. They appear to think they live in some kind of high tower and that they are immune to the rule of law. Dirty World is not Google. They are not Twitter. They are not even like Yahoo! There is no comparison among these websites. It's like trying to compare apples and oranges.

The CDA does not support dismissal of Defendant Dirty World as a party in this case. The court should reject Dirty World's contention that they are supposedly immune from suit under the CDA.

THEREFORE, Plaintiff John Laake respectfully seeks a review of the magistrate judge's order and reserves the right to appeal the same to the higher court.

Dated: May 20, 2020                               Respectfully submitted,

                                                  *[signature]*
                                                  John Laake
                                                  *Pro Se Plaintiff*
                                                  469 Grand Ave.

Aurora, IL 60506
Ph: (708) 352-0424
Email: wolfloki@yahoo.com

## CERTIFICATE OF SERVICE

Plaintiff John Laake, Pro Se herein, hereby certifies that he sent a copy of the **Plaintiff's Objection To Magistrate Judge's Ruling** to the following address:

David Gingras, Esq.
Gingras Law Office, PLLC
4802 E. Ray Rd., #23-271
Phoenix, AZ 85044

via U.S. Mail on May 20, 2020.

Dated: May 20, 2020

John Laake
Pro Se Plaintiff
469 Grand Ave.
Aurora, IL 60506
Ph: (708) 352-0424
Email: wolfloki@yahoo.com