JOHN LAAKE
Pro Se Plaintiff
469 Grand Ave.
Aurora, IL 60506
Telephone: (708) 352-0424



## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| JOHN LAAKE,<br><br>Plaintiff,<br><br>v.<br><br>DIRTY WORLD, LLC and<br>JOHN DOE,<br><br>Defendants. | No. 2:19-cv-05444-PHX-DMF<br><br>**PLAINTIFF'S MOTION FOR<br>JUDGE RECUSAL** |

  NOW COMES the Plaintiff JOHN LAAKE, Pro Se, and respectfully motions this Honorable Court for recusal of Magistrate Judge Fine, currently assigned to the case herein, pursuant to 28 U.S.C. §455(b)(1), and in support thereof states the following:

  The magistrate judge is clearly biased against the Plaintiff and has been from the very beginning of this lawsuit.

  This court, from the start of this lawsuit, issued a document called "Notice to Parties - Mandatory Initial Discovery Pilot Project" ("MIDP")(Dkt. 6). In it, it states the following on the second page in the first and second paragraphs:

> During the Fed. R. Civ. P. 26(f) conference, parties must discuss the MIDP responses and seek to resolve any limitations or objections they have made or intend to make in their responses. A description of the discussion regarding the MIDP responses must be included in the Rule 26(f) report to the Court.
>
> MIDP responses are not required to be filed if the parties submit (and the Court approves) a written stipulation by all parties that no discovery will be conducted in the case. Similarly, a party may defer the submission of MIDP responses once for 30 days if all parties file a notice with the Court certifying that they are attempting to settle the case and have a good faith belief that it will be resolved within 30 days of the due date of the MIDP responses. …

(Notice To Parties - Mandatory Initial Discovery Pilot Project, (Dkt. 6, Pg. 2)).

**None of that transpired here in this case.** There was no Rule 26(f) discovery conducted herein. That goes against the Court rules. That is highly unfair to Plaintiff Laake. The magistrate judge has completely bypassed **Rule 26 - Duty to Disclose; General Provisions Governing Discovery**. No interrogatories were exchanged between the parties. There has been no production herein. The Plaintiff was only granted permission to issue two subpoenas to attempt to uncover who the John Doe party is.

The Federal Rules of Civil Procedure clearly state that the only exemptions for bypassing initial discovery in a case are as follows:

(i) an action for review on an administrative record;
(ii) a forfeiture action in rem arising from a federal statute;
(iii) a petition for habeas corpus or any other proceeding to challenge a criminal conviction or sentence;
(iv) an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision;
(v) an action to enforce or quash an administrative summons or subpoena;
(vi) an action by the United States to recover benefit payments;
(vii) an action by the United States to collect on a student loan guaranteed by the United States;
(viii) a proceeding ancillary to a proceeding in another court; and
(ix) an action to enforce an arbitration award.

(Fed. R. Civ. P 26(B)).

None of the foregoing reasons is pertinent in this case regarding the circumventing of the initial discovery process that has transpired herein.

Furthermore, the magistrate judge then arbitrarily dismissed out Defendant Dirty World from the case after sidestepping right past the initial discovery phase in this case. **This is blatant bias against Plaintiff Laake.** Judge Fine is plainly showing a strong bias *towards* Defendant Dirty World and against Plaintiff John Laake by not allowing the Rule 26 initial discovery to commence, and then further by dismissing out Defendant Dirty World from the case, and for no good reason.

Moreover, Judge Fine has consistently been ruling against Plaintiff Laake in this case in her motions from the beginning of its commencement, oftentimes with fiery rhetoric.

Notably, 28 U.S.C. §455(b)(1) requires recusal of a judge in any proceeding in which his or her impartiality may be questioned, namely "personal bias or prejudice." (*See Liteky v. United States*, 510 U.S. 540 (1994)). As a matter of due process, a judge who fails the "appearance of impartiality" test may not sit as the judge in the case. (*See Hurles v. Ryan*, 752 F.3d 768 (9th Cir. 2011)). "Fairness of course requires an absence of actual bias in the trial of cases. But our system of law has always endeavored to prevent even the probability of unfairness." (*See Tumey v. Ohio,* 273 U.S. 510, 532; and *Rapp v. Van Dusen,* 3 Cir., 350 F.2d 806, 812). The Constitution requires recusal where "the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable." (*See Withrow v. Larkin,* 421 U.S. at 47, 95 S.Ct. 1456).

Through her acts and omissions in this case, Magistrate Judge Fine has demonstrated that she is unable to render an unbiased decision in this case.

3

THEREFORE, pursuant to 28 U.S.C. §455(b)(1), Plaintiff John Laake respectfully requests that Magistrate Judge Fine recuse herself and that there be another judge appointed in her stead in this case.

Dated: May 20, 2020

Respectfully submitted,

_____
John Laake
*Pro Se Plaintiff*
469 Grand Ave.
Aurora, IL 60506
Ph: (708) 352-0424
Email: wolfloki@yahoo.com

## CERTIFICATE OF SERVICE

Pro Se Plaintiff John Laake hereby certifies that he sent a copy of the **Plaintiff's Motion For Judge Recusal** to the following address:

> David Gingras, Esq.
> Gingras Law Office, PLLC
> 4802 E. Ray Rd., #23-271
> Phoenix, AZ 85044

via U.S. Mail on May 20, 2020.

Dated: May 20, 2020

*(signature)*
John Laake
*Pro Se Plaintiff*
469 Grand Ave.
Aurora, IL 60506
Ph: (708) 352-0424
Email: wolfloki@yahoo.com