# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Laake, | No. CV-19-5444-PHX-DMF |
| Plaintiff, | |
| v. | **ORDER** |
| Dirty World LLC, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion for Judge Recusal (Doc. 51). Plaintiff argues that the undersigned should recuse pursuant to 28 U.S.C. § 455. Plaintiff's motion is based on 1) Plaintiff's misplaced belief that under the Notice and General Order issued at the start of this case (Doc. 6), MIDP disclosures and discovery were triggered earlier in the case and by Dirty World's Rule 12(b) motion and appearance, and 2) Plaintiff's disagreement and dissatisfaction with the Court's legal rulings in this case.

As an initial matter, a motion for judicial recusal under § 455 "is directed to the judge, rather than the parties, and is self-enforcing on the part of the judge." *United States v. Sibla*, 624 F.2d 864, 867-68 (9th Cir. 1980).

First, Plaintiff's motion is not timely. The Ninth Circuit requires "reasonable promptness after the ground for such a motion is ascertained." *Preston v. United States*, 923 F.2d 731, 33 (9th Cir. 1991). Here, Plaintiff complains about the lack of MIDP disclosures and discovery under the Notice and General Order issued at the start of this

case (Doc. 6) and once Dirty World appeared through a Rule 12(b) motion (Doc. 30), but Dirty World's Rule 12(b) appearance was on March 16, 2020, over two months before Plaintiff's motion to recuse. Plaintiff submitted numerous filings after Dirty World appeared through a Rule 12(b) motion, but none of Plaintiff's filings requested MIDP disclosures or discovery in accordance with the Notice and General Order issued at the start of this case (Doc. 6). Further, this case was filed by Plaintiff in October 2019, and assigned to undersigned at the time of filing. Plaintiff's motion to recuse comes after the case has been pending for over six months and numerous rulings in this case by undersigned.

Second, Plaintiff is incorrect about timing and requirements of MIDP disclosures and discovery. Mandatory initial discovery and disclosures are triggered by a Rule 12(a) responsive pleading, not a 12(b) motion as Dirty World filed in this case (Doc. 6 at 5, ¶ 6; Doc. 30). In addition, the Court granted Dirty World's 12(b) motion on its merits a month after Dirty World's appearance, obviating the need to set a pretrial conference under the Notice and General Order issued at the start of this case (Doc. 6) and Rule 16, Federal Rules of Civil Procedure.

Third, "'judicial rulings *almost never* constitute valid basis for a bias or partiality motion[.]'" *United States v. Chischilly*, 30 F.3d 1144, 1149 (9th Cir. 1994), *cert. denied*, 513 U.S. 1132 (1995) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Thus, adverse rulings against a party are generally "not sufficient to require recusal, even if the number of such rulings is extraordinarily high." *McCalden v. Cal. Library Ass'n*, 955 F.2d 1214, 1224 (9th Cir. 1990), *cert. denied*, 504 U.S. 957 (1992) (citing *Matter of Beverly Hills Bancorp*, 752 F.2d 1334, 1341 (9th Cir. 1984)); *see Stivers v. Pierce*, 71 F.3d 732, 741-42 (9th Cir. 1995) (Nor would the Board's repeated unfavorable rulings, standing alone, be sufficient to support a claim that [defendant] or any other member of the Board was actually biased against [plaintiff].") (citing *McCalden*, 955 F.2d at 1224); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984). Plaintiff's complaints about undersigned's rulings against his positions are not reason to recuse.

Fourth, "[t]he standard for recusal under 28 U.S.C. §§ 144, 455 is 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). "The alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal." *Id.* For example, a judge shall disqualify herself if she has "personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1); *United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010). Plaintiff has not alleged that Undersigned has such knowledge, and Undersigned has no such knowledge. Accordingly, the Court finds that a reasonable person with knowledge of all the facts would not conclude that this Court's impartiality might reasonably be questioned. Further, a motion for recusal is legally insufficient where the motion is comprised of conclusory assertions and fails to set forth adequate and specific facts suggesting that the judge was personally biased or prejudiced against movant or complete impartiality might reasonably be questioned. 28 U.S.C. § 455 (2012); *Rademacher v. City of Phoenix*, 442 F.Supp. 27, 29 (D. Ariz. 1977); *see Willenbring v. United States*, 306 F.2d 944, 946 (9th Cir. 1962). Plaintiff's motion for recusal is legally insufficient because Plaintiff failed to provide adequate and specific facts in support of any proper recusal basis. Further, there is no basis to question Undersigned's impartiality. Plaintiff's dissatisfaction with this Court's adverse legal rulings against him is insufficient basis for a motion to recuse.

Accordingly,

**IT IS ORDERED** denying Plaintiff's Motion for Judge Recusal (Doc. 51).

Dated this 27th day of May, 2020.

_____
Honorable Deborah M. Fine
United States Magistrate Judge