IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Laake, | No. CV-19-5444-PHX-DMF |
| Plaintiff, | |
| v. | **ORDER** |
| Dirty World LLC, et al., | |
| Defendants. | |

The Complaint in this matter was filed October 18, 2019 (Doc. 1). On November 26, 2019 the Court ordered that "Plaintiff shall have 60 days from the date of this Order to move to substitute an identified person in place of John Doe, and if an extension of time for such is sought, Plaintiff must do so in writing specifically setting forth the efforts made by Plaintiff to determine John Doe's identity and Plaintiff's additional plan to do so, including any litigation activities, to determine John Doe's identity" (Doc. 12). After the sixty had passed and Plaintiff not moving to substitute John Doe in this matter, on February 26, 2020 the Court ordered that "within **fourteen (14) days** of the date of this Order, Plaintiff shall show cause in writing why Defendant John Doe should not be dismissed without prejudice due to Plaintiff's failure to timely substitute an identified person in place of Defendant John Doe and due to Plaintiff's failure to file a motion to extend time to substitute an identified person in place of Defendant John Doe" (Doc. 23).

On March 17, 2020, Plaintiff and Defendant Dirty World LLC consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) (Doc. 34). On April 14, 2020,

the Court granted Defendant Dirty World LLC's motion to dismiss and further ordered that "on or before **June 16, 2020**, Plaintiff must identify John Doe, Plaintiff must file a corresponding motion for substitution of John Doe, and, if Plaintiff desires the United States Marshal to attempt service of the person Plaintiff seeks to substitute, Plaintiff must return to the Clerk of Court a completed service packet for the person he seeks to substitute" (Doc. 40).

On June 15, 2020, Plaintiff requested an extension of time to move to substitute John Doe (Doc. 57), which the Court granted on June 23, 2020 specifically stating:

> Plaintiff has not shown good cause for an extension, but the Court will nevertheless give Plaintiff another extension of time. This case was filed in October 2019 including against at least one John Doe defendant. Plaintiff has had eight months to pursue substitution and service of the unknown defendants. Plaintiff must seek the identities, substitution, and service of the unknown defendants with diligence. Plaintiff is advised that the Court is not inclined to extend the deadlines again absent good cause and diligence shown.

(Doc. 58 at 2). The Court also extended the deadline for Plaintiff to identify John Doe until July 23, 2020 and further ordered that "the deadline to serve a person who is substituted for unidentified defendant John Doe is **August 24, 2020**" (*Id*.).

After Plaintiff failed to comply to the Court's orders, on August 3, 2020, the Court issued an order to show cause "that on or before **August 28, 2020**, Plaintiff shall show cause in writing why Defendant John Doe should not be dismissed without prejudice from this matter for Plaintiff's failure to comply with Court orders. Plaintiff is advised that failure to comply with this Order may result in the Court dismissing without prejudice the claims against Defendant John Doe and terminating this matter" (Doc. 61). Plaintiff has failed to respond to the August 3, 2020, order to show cause, has not moved to substitute an identified Defendant John Doe, and has not served the unidentified John Doe defendant. The only remaining defendant in this matter is the unidentified John Doe.

Accordingly,

**IT IS ORDERED** dismissing without prejudice Defendant John Doe and terminating this matter without prejudice.

Dated this 9th day of September, 2020.

_____
Honorable Deborah M. Fine
United States Magistrate Judge